IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:04CV237

| | |
|---|---|
| MARVIN RAY FOWLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| SESSOMS AND ASSOCIATES, P.A., | ) |
| operating as SESSOMS AND ROGERS, P.A.; | ) |
| STUART M. SESSOMS, JR., operating as | ) |
| SESSOMS AND ROGERS, P.A.; | ) |
| LEE C. ROGERS, operating as SESSOMS AND | ) |
| ROGERS, P.A.; CHASE MANHATTAN | ) |
| BANK, USA, N.A.; THE HONORABLE | ) |
| ROBERT S. CILLEY, in his official capacity; | ) |
| THE HONORABLE KEITH H. MELTON, | ) |
| in his official capacity; SHERIFF DANIEL J. | ) |
| GOOD, in his official capacity; and | ) |
| TRAVELERS CASUALTY AND SURETY | ) |
| COMPANY OF AMERICA, as surety for | ) |
| Sheriff Daniel J. Good, | ) |
| | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on the timely filed objections of the Plaintiff and the

Defendants Sessoms and Associates, P.A., Stuart Sessoms, and Lee Rogers (the Sessoms

Defendants) to the Memorandum and Recommendation of United States Magistrate Judge

Dennis L. Howell. Pursuant to standing orders of designation and 28 U.S.C. § 636, the

undersigned referred the Defendants' motions to dismiss, for summary judgment and for

judgment on the pleadings to the Magistrate Judge for a recommendation as to disposition.

Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, the recommendation is adopted in part. **28 U.S.C. § 636(b); Fed. R. Civ. P. 72.**

## I.  PROCEDURAL HISTORY

On November 2, 2004, Plaintiff initiated this action against numerous Defendants, primarily seeking to attack the constitutionality of the North Carolina post-judgment collections statutes, N.C. Gen. Stat. §§ 1-302, *et seq.*, 1-352, *et seq.*, and 1C-1601, *et seq.*  The facts of the complaint, which are not disputed for the purposes of these objections, are that on January 7, 1998, Defendant Stuart Sessoms (Sessoms), acting as an attorney, obtained a default judgment on behalf of his client, First Deposit National Bank (First Deposit) against the Plaintiff in the North Carolina General Court of Justice, District Court Division, of Rutherford County, North Carolina, in the amount of $5,597.29.  **Complaint, ¶ 21; Exhibit 1, *attached to* Complaint.** First Deposit later assigned the judgment to Defendant Chase Manhattan Bank (Chase).  ***Id.*, ¶ 22.**  Following entry of the default judgment, Sessoms attempted, from time to time, to collect the judgment on behalf of Chase but found that the Plaintiff had no assets on which to levy.  ***Id.*, ¶¶ 25-27.**  Between December 2001 and May 2002, the Plaintiff paid a total of $600 on the judgment.  ***Id.*, ¶ 28.**

Among the steps taken by various Defendants to collect on the judgment were the following: (1) a request of the Clerk of Court of Rutherford County to institute exemption proceedings against the Plaintiff pursuant to the North Carolina statutes; (2) the issuance by that Clerk of execution; (3)  the issuance by that Clerk of notice of right to designate exemptions and

to claim exempt property; (4) the issuance by a state court judge, Defendant Honorable Robert S. Cilley, of an order in aid to the collection of the judgment debt; (5) the issuance of a writ of execution; (6) the execution by the Sheriff's Department against a bank account in the name of the Plaintiff; (7) the sending of dunning letters to the Plaintiff; and (8) the allegedly willful and reckless disregard by various Defendants of the provisions of the statutes which the Plaintiff claims are unconstitutional. ***Id.*, ¶¶ 26, 29, 33, 38, 48, 53, 63-65.**

The complaint alleges the following causes of action: (1) two due process claims against all Defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201 for a declaration of the unconstitutionality of the state statutes at issue; (2) a claim against the Sessoms Defendants for violations of the federal Fair Debt Collection Procedures Act, 15 U.S.C. §§ 1692, *et seq.*; (3) a state law claim for declaratory judgment of unconstitutionality; (4) a state law claim for injunctive relief against the Sessoms Defendants, and Defendants Chase, Melton, Cilley and Good based on the unconstitutionality of the statutes; (5) a common law claim for conversion against those Defendants with the exception of Judge Cilley; (6) a common law claim for fraud against the Sessoms Defendants and Chase; (7) a common law claim for interference with contract against the Sessoms Defendants, Chase, Good and Travelers Insurance; (8) a common law claim of invasion of privacy against those same Defendants; (9) an obstruction of justice claim against those Defendants; (10) an abuse of process claim against the Sessoms Defendants and Chase; (11) a violation of North Carolina's Unfair and Deceptive Trade Practices Act against Defendant Chase; and (12) a claim of official misconduct against Sheriff Good.

On May 16, 2005, a stipulation of dismissal signed by all the parties was filed as to Defendant Southtrust Bank. As a result, amendment of the complaint to delete that Defendant is

unnecessary. Apparently in proceedings before the Magistrate Judge, the Plaintiff conceded that Defendant Great American Insurance Company, the surety company for the judicial Defendants, should be dismissed from the case based on its motions to dismiss and for summary judgment. The Plaintiff has reiterated in his objections that this Defendant should be dismissed from the action. The caption of this action has been amended to reflect the dismissal of these Defendants.

The Magistrate Judge recommended that this Court abstain from hearing the two federal claims as to the constitutionality of the state statutes due to an ongoing state judicial proceeding instituted prior to this action. The Plaintiff conceded that he does not object to this ruling. As a result, the recommendation will be adopted.

The Magistrate Judge also recommended that the federal claim based on the Fair Debt Collection Practices Act go forward. That claim is asserted only against the Sessoms Defendants and neither they nor the Plaintiff objected to this recommendation which is, therefore, adopted.

## II. DISCUSSION

The Magistrate Judge recommended dismissal of the federal constitutional claims without prejudice based on abstention principles. He then recommended dismissal of the two state constitutional claims with prejudice because he had recommended abstention from the federal claims. The Plaintiff's first objection is to that recommendation.

The undersigned adopts the Magistrate Judge's recommendation that the federal claims be dismissed without prejudice based on abstention. The Magistrate Judge, however, in an attempt to provide a thorough recommendation, also addressed the substantive merits of the federal constitutional claims and determined, as an alternative ruling, that those claims would not

withstand a motion to dismiss.   Thus, the alternative ruling recommended dismissal of the federal constitutional claims with prejudice.

In discussing the state constitutional claims, the Magistrate Judge found that because the federal claims could not withstand the motions to dismiss, the state constitutional claims must also be dismissed with prejudice.  Because the undersigned chooses to adopt the abstention recommendation, it is unnecessary to reach the alternative ruling.  As a result, the Plaintiff's state constitutional claims will be dismissed without prejudice.  ***See, e.g., Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988).**

The Magistrate Judge recommended the dismissal of each of the remaining state law claims with prejudice.  Plaintiff objects, relying on his previous responses to the motion.  This is insufficient to warrant a *de novo* review.  "Parties filing objections must specifically identify those findings objected to.  [G]eneral objections need not be considered by the district court." ***Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987); *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991).**  Boilerplate objections without any citation to case law or the record do not warrant *de novo* review.  ***Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997).**  "In this Circuit, *de novo* review is unnecessary 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'" ***Hyatt v. Town of Lake Lure*, 314 F.Supp.2d 562 (W.D.N.C. 2003), *aff'd*, 114 Fed. Appx. 72 (4th Cir. 2004) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982)) (other citations omitted); *see also, Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988).**

Finally, the Sessoms Defendants filed an objection to the Magistrate Judge's recommendation that the cause of action for interference with contract be dismissed as to every Defendant except the Sessoms Defendants. The Magistrate Judge concluded that those Defendants neglected to move to dismiss that cause of action. In their objection, the Sessoms Defendants point out that they incorporated by reference the arguments of their co-Defendants as to this claim in their motion for judgment on the pleadings. The record does reflect that these Defendants did so and as a result, the claim will be dismissed against them based on the reasoning of the Magistrate Judge.

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' motions to dismiss, for summary judgment, and for judgment on the pleadings are hereby **DENIED** in part and **GRANTED** in part as follows:

1. The undersigned abstains from hearing the federal constitutional claims alleged in the first two causes of action in the complaint and as a result those claims are hereby **DISMISSED WITHOUT PREJUDICE**;

2. The two state constitutional claims alleged in the complaint as the first and second pendant state claims are hereby **DISMISSED WITHOUT PREJUDICE**;

3. The third cause of action based on violations of the Fair Debt Collection Practices Act is retained as the only claim remaining in this action;

4. The remaining state law claims are hereby **DISMISSED WITH PREJUDICE** as to each Defendant;

5.      Defendants Great American Insurance Company and Southtrust Bank are hereby

**DISMISSED WITH PREJUDICE** from the action.

**Signed: September 22, 2005**

Lacy H. Thornburg
United States District Judge